UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

UNITED STATES OF AMERICA           )
                                   )
        v.                         )        Case No. 3:10-CR-0085 JD
                                   )
RADAMES V. HENDRIX                 )

## OPINION AND ORDER

On August 13, 2010, a detention hearing was held in this case before Magistrate Judge

Christopher A. Nuechterlein.  At the hearing, Judge Nuechterlein ordered the Defendant,

Radames V. Hendrix, detained.  On September 15, 2010, this Court held a hearing on a pending

motion to continue trial.  At the conclusion of that hearing, counsel for the Defendant orally

moved that this Court review the prior findings for detention.  Counsel for the Defendant did not

offer new evidence in support of his oral motion, nor did he present new arguments.  As such,

this Court interprets the scope of the Defendant's motion to be limited to reviewing the

Magistrate Judge's ruling under the applicable detention statute.

This Court conducts its review of the Magistrate Judge's detention order consistent with

18 U.S.C. § 3145(b). [DE 1]. This Court's review of the order is *de novo* and must be supported

by its own finding of facts and reasons for its decision.  *See* 8 C.J.S. *Bail* § 99 (2010); *U.S. v.

Jimenez*, 628 F.Supp. 808, 809 (N.D.Ill. 1986).  In order to justify detention, the burden is on the

Government to prove either that the Defendant is a flight risk or a danger to the community.

*U.S. v. Levine*, 770 F.Supp. 460, 465 (N.D.Ind. 1991); *U.S. v. Leibowitz*, 652 F.Supp. 591, 596

(N.D.Ind. 1987).

Reviewing the transcript of the detention hearing before Judge Nuechterlein and Judge

1

Nuechterlein's order of detention, [DE 21], this Court makes the following findings under the

applicable detention statute, 18 U.S.C. § 3142.

The statute reads, in relevant part, as follows:

The judicial officer shall, in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, take into account the available information concerning--
(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
(2) the weight of the evidence against the person;
(3) the history and characteristics of the person, including--
    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. In considering the conditions of release described in subsection (c)(1)(B)(xi) or (c)(1)(B)(xii) of this section, the judicial officer may upon his own motion, or shall upon the motion of the Government, conduct an inquiry into the source of the property to be designated for potential forfeiture or offered as collateral to secure a bond, and shall decline to accept the designation, or the use as collateral, of property that, because of its source, will not reasonably assure the appearance of the person as required.

18 U.S.C. § 3142(g).

To begin, the Court notes that the Defendant was indicted as being a felon in possession

of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). [DE 1]. As such, with

reference to the first factor of this Court's analysis, the Defendant's alleged crime is one that

involves a firearm. 18 U.S.C. § 3142(g)(1).

In terms of the weight of the evidence against the Defendant, this Court begins by noting

that the factual basis for the underlying charge is that the Defendant is alleged to have been found with a loaded Taurus .357 revolver during a traffic stop on July 6, 2010. (Transcript 2 ¶¶ 15-23). In addition, as indicated at the prior detention hearing, Defendant has a prior felony conviction for possession of under 15 grams of cocaine, a controlled substance. (Transcript 2 ¶¶ 24-25 - 3 ¶¶ 1-2; 24).

During the detention hearing before Judge Nuechterlein, there was some discussion regarding whether the Defendant's prior felony conviction remained on his criminal record at the time the Defendant was found in possession of the weapon. It appears that this issue was presented as a challenge to both the viability of the underlying charge against the Defendant and a challenge to the Defendant's *mens rea* at the time he was found in possession of a weapon.

As to the first challenge, this Court notes Judge Nuechterlein's conclusion that no evidence had been submitted to validate the Defendant's contention that the prior felony conviction might have been expunged. (Transcript 29 ¶¶ 22-25- 30 ¶¶ 1-3; 30 ¶¶ 25 - 31 ¶¶ 1-5). Judge Nuechterlein left the issue open for reconsideration in the future, should the Defendant proffer evidence to the contrary. (Transcript 32 ¶¶ 2-6; 33 ¶¶ 6-9). However, at the hearing before the undersigned, no such evidence was submitted and the issue was not raised anew by the Defendant as part of this Court's review. Because no new evidence was submitted on the issue, this Court similarly concludes that there is no evidence, presently before the Court, to suggest that the Defendant's underlying felony charge has been expunged.

As to the second challenge, this Court notes, similar to Judge Nuechterlein, that the Defendants's charged offense, possession of a firearm, is a status offense, in which the Defendant's state of mind is irrelevant to a conviction. See U.S. v. Wilson, 437 F.3d 616, 620

(7th Cir. 2006).  Instead, all the Government must prove is that the Defendant intended to possess the firearm and ammunition, not that he know his possession was prohibited by federal law.  *Id*.

Consequently, as to the second factor, this Court considers the weight of the evidence against the Defendant to be substantial.  18 U.S.C. § 3142(g)(2).

As to the criminal history and characteristics of the Defendant, as evaluated under 18 U.S.C. § 3142(g)(3), this Court makes the following conclusions.  First, this Court notes that, on at least three prior occasions, the Defendant has failed to appear for court proceedings. (Transcript 19 ¶¶ 8-13; 27 ¶¶ 1-3; 32 ¶¶ 8-11).  In addition, the Court notes that the Defendant has seventeen arrests, many of which are for drug offenses, and has  multiple convictions in several states. (Transcript 26 ¶¶ 19- 25; 32 ¶¶ 11-13).  The record reflects that, from these arrests, the Defendant has received at least one felony conviction and six misdemeanors. (Transcript 27 ¶¶ 4-5; 32 ¶¶ 13-14).  In addition, Counsel for the Government indicated that there remains an outstanding warrant against the Defendant in Wisconsin for a prior failure to appear.  (Transcript 19 ¶¶ 8-13; 27 ¶¶ 3-4).  Based upon these facts, this Court concludes that the Government has established by a preponderance of the evidence that the Defendant is a flight risk.  *See U.S. v. Harper*, 2006 WL 3201925, *3 (S.D.Ind. 2006); *U.S. v. Eaton*, 2005 WL 1939891, *2 (S.D.Ind. 2005).

Further, as to this Court's considerations under 18 U.S.C. § 3142(g)(4), this Court notes that, just six weeks after the indictment was filed in this case, the Defendant was allegedly found to be, again, in possession of a second firearm and was additionally found to be in close proximity to indicia of drug dealing.  (Transcript 27 ¶¶ 9-13; 29 ¶¶ 6-14; 32 ¶¶ 15-25 - 33 ¶¶ 1-

2).  Similar to the conclusions of Judge Nuechterlein, this Court considers the Defendant's

possession of yet another gun and his apparent re-engagement in drug dealing, so quickly after

the indictment, to suggest that the Defendant remains a danger to the community.  Consequently,

this Court concludes that the Government has met its burden, by clear and convincing evidence,

that the Defendant also poses a danger to the community. *Leibowitz*, 652 F.Supp. at 596.

　　　　For the aforementioned reasons, this Court concludes that pre-trial detention is

appropriate for the Defendant in this case.

　　　　SO ORDERED.

　　　　ENTERED:　 September 30, 2010 


　　　　　　　　　　　　　　　　　　　 /s/ JON E. DEGUILIO 　
　　　　　　　　　　　　　　　　　　Judge
　　　　　　　　　　　　　　　　　　United States District Court